UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARTHUR D. SEALE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 19-21016 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court on Petitioner Arthur D. Seale's letter request for a certificate of appealability so that he may appeal this Court's denial of his request for a full resentencing following the vacation of his conviction under 18 U.S.C. § 924(c). (ECF No. 22.) The Government filed a response to the request (ECF No. 27), to which Petitioner replied (ECF No. 28). For the reasons expressed herein, the Court denies Petitioner's request.

By way of background, Petitioner pled guilty to a seven-count indictment in the early 1990s. The indictment included charges of conspiracy to commit Hobbs Act extortion, Hobbs Act extortion, mailing of threats, making threatening phone calls, traveling in interstate commerce to further an extortion scheme, and the knowing and willful carrying and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). (*See* ECF No. 20 at 2.) Petitioner received a 95-year sentence. (*Id.*) Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Petitioner filed a motion to vacate his conviction under § 924(c) in December 2019. (ECF No. 1.) Petitioner also sought a full resentencing in the event his motion was granted. (*Id.*)

On December 30, 2022, this Court entered an opinion and order which granted the motion solely to the extent Petitioner sought to have his § 924(c) conviction vacated, but which denied

Petitioner a full resentencing as there was no valid basis for providing one under applicable law. (ECF Nos. 20-21.) As this Court explained,

> Petitioner argues that, in light of the vacation of his § 924(c) conviction, he should receive an entirely new sentencing on *all* of his offenses under the sentencing package doctrine. District courts have "broad and flexible power" in determining the proper course "following a successful § 2255 motion" which results in the vacation of one count of a petitioner's conviction. *United States v. Davis*, 112 F.3d 118, 121 (3d Cir. 1997). Under the sentencing package doctrine, where a petitioner has been "found guilty on a multicount indictment" and "one or more of the component counts is vacated" a district judge is "free" to resentence the petitioner on all the remaining counts if such an action is necessary to "accurately reflect the [sentencing] judge's original intent regarding the appropriate punishment for a defendant convicted of multiple offenses and to reflect the gravity of the crime." *Id*. at 122-23. The thrust of the doctrine, then, is that, in the face of a vacated conviction, a court *may* resentence a petitioner on all counts where the sentence on the vacated count was interdependent with the sentence on the remaining counts and such a resentencing is necessary to reflect the sentencing judge's ultimate plan and to take account for the seriousness of the remaining offenses, whose sentences may have been discounted to account for the now vacated count of the conviction. *Id*. at 123. The ultimate purpose of the doctrine, then, is to permit a court to resentence the defendant with any guidelines enhancements which the court was prevented from applying by the now vacated conviction or to permit the court to increase the sentence on the remaining counts where necessary to effect the total sentencing package intended by the sentencing judge. *See United States v. Smith*, 467 F.3d 785, 789-90 (D.C. Cir. 2006). A full resentencing . . . is therefore inappropriate where the sentencing judge already imposed "the highest sentence available" on the remaining counts of the conviction, indicating that the vacatur of a consecutive § 924(c) conviction does not unravel the package imposed. *Id*. at 790.
>
> This Court need not guess at Judge Brown's intentions in sentencing Petitioner. At the sentencing hearing, Judge Brown made it abundantly clear that his "intent [wa]s that [Petitioner] never be free" and that the Court intended to impose a sentence that ensured that Petitioner would be "imprisoned for the rest of [his] life without parole." (Sent. Tr. at 91.) Judge Brown therefore imposed the applicable statutory maximum sentence on each count of the indictment, and ran those counts consecutive to one another. (*Id*. at 91-92.) As with the Defendant in *Smith*, Petitioner received on his

2

> remaining convictions "the highest sentence available" in the form of the applicable statutory maximum sentences run consecutively, and as such the vacatur of the § 924(c) sentence alone does not "unravel" an interdependent sentencing plan. As the applicable maximums were imposed, this Court has no opportunity to impose a harsher sentence on the remaining counts in order to rebalance Petitioner's sentence, and the increased guidelines range which would result from the inapplicability of § 924(c) could have no effect on Petitioner. The only possible outcome of a full resentencing for Petitioner would be either the sentence Petitioner already has minus the five years for the vacated count, or a windfall in the form of a lesser sentence on Petitioner's remaining counts. Such a windfall would not "accurately reflect" Judge Brown's sentencing intentions, nor would it allow the restoration of a package plan disturbed by a vacated count. The sentencing package doctrine is thus inapplicable – Petitioner's statutory maximum sentences were not interdependent with the consecutive § 924(c) conviction, and there is no occasion in this matter to rebalance Petitioner's remaining sentences to better reflect the sentencing court's intentions. This Court thus concludes that a full resentencing is inappropriate, and must be denied as such. This Court will therefore grant Petitioner's motion to the extent he seeks the vacation of his § 924(c) conviction, vacate the five-year consecutive sentence imposed on that count, and leave Petitioner's remaining sentences intact.

(ECF No. 20 at 10-12.)

Petitioner's letter request asks the Court to grant Petitioner a certificate of appealability so that he may now appeal the denial of his request for a full resentencing. (ECF No. 22.) In essence, Petitioner contends that he should be granted a certificate of appealability because he showed his entitlement to relief under *Davis*, notwithstanding the fact that he does not intend to appeal the decision vacating his conviction, and because in any event the "denial of a full resentencing hearing arguably violated" Petitioner's Due Process rights. (*Id.* at 1.) The Government opposes this request. (ECF No. 27.)

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The requirement for a certificate of appealability applies not only to denials of § 2255 motions on the merits, but also to cases in which an appellant seeks to appeal a corrected sentence which resulted from a granted § 2255 motion. *See, e.g., United States v. Walker*, No. 18-3580, 2019 WL 11093774, at *1 (3d Cir. Dec. 4, 2019); *United States v. Williams*, 158 F.3d 736, 740 (3d Cir. 1998).

Although Petitioner contends that he is entitled to a certificate of appealability because this Court granted him relief on his *Davis* claim, that contention is incorrect. Petitioner does not disagree with the vacation of his § 924(c) claim, nor does he seek to appeal that issue. Instead, Petitioner seeks to appeal only the denial of a full resentence. Petitioner must therefore make a substantial showing that the court's denial of a resentencing amounted to the denial of a constitutional right. *See, e.g., Williams v. Untied States*, 150 F.3d 639, 639-41 (7th Cir. 1998). Contrary to Petitioner's contention that the denial of a full resentencing "arguably" impacted his Due Process rights, however, there is no constitutional obligation that a full resentencing occur following the vacation of a single count of a conviction.[1] *Id.*; *see also Davis*, 112 F.3d at 122-23. Indeed, as this Court explained in detail to Petitioner in denying him a resentencing, this Court has considerable discretion in determining whether a resentencing is required. Furthermore, the Court is under no obligation to provide a prisoner in Petitioner's circumstances the windfall of a

---

[1] Petitioner resists this conclusion by citing to the Eleventh Circuit's decision in *United States v. Paige*, No. 21-13920, 2022 WL 17455186, at *2 (11th Cir. Dec. 6, 2022). Although the Eleventh Circuit found a certificate warranted in that case because the panel felt it "debatable" whether a constitutional right was involved in the denial of a resentencing, the panel ultimate concluded that the denial of a resentencing was entirely proper where no rebalancing was needed to adjust a sentence under the sentencing package doctrine. Thus, the granting of a certificate in that case aside, *Paige*'s ultimate conclusion is entirely in line with this Court decision denying a certificate of appealability.

resentencing where no such resentencing is necessary to rebalance the remaining counts and the intentions of the original sentencing judge were abundantly clear. (*See* ECF No. 20 at 10-12.) Petitioner has thus failed to make a substantial showing of the denial of a constitutional right, and the Court finds good cause to deny his request for a certificate of appealability.

**IT IS THEREFORE** on this 21st day of July, 2023, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter for the purposes of this Order only;

2. Petitioner's request for a certificate of appealability (ECF No. 22) is **DENIED**; and

3. The Clerk of the Court shall serve a copy of this Order upon the parties electronically and shall **CLOSE** the file.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**